PROBATE COURT OF LICKING COUNTY, OHIO
One North Park Place, Courthouse
Newark, Ohio 43055

THE ESTATE of Grimes, Daniel N., Deceased

Case No. 20230540A



received
9/12/23
occ

EXHIBIT
A

### SUMMONS

Rule 4, 1970 Ohio Rules of Civil Procedure

-----<     *     >-----

Carpenter, Patrick, etal.
P.O. Box 309
Newark, Oh 43055
        -Plaintiff(s)

vs.

Secretary Of Housing And Urban Developme

451 Seventh Street, S.W.

Washington, DC 20410
        -Defendant(s)

HUD REGIONAL COUNSEL

'23 SEP 18 AM 8:26

To the above named defendant:

You are hereby summoned that a complaint (a copy of which is hereto
attached and made a part hereof) has been filed against you in this
court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff's attorney, or upon the
plaintiff(s) if he has no attorney of record, a copy of your answer to
the complaint within 28 days after service of this summons upon you,
exclusive of the day of service. Said answer must be filed with this
court within three days after service on Plaintiff's Attorney,
Patrick Carpenter, P.O. Box 309, 32 N. Park Place, Newark, OH 43058

If you fail to appear and defend, judgment by default will be taken
against you for the relief demanded in the complaint.

Deborah G. Lang
Judge

Aug 30, 2023

*Amista Buxton*
Amista Buxton
Deputy

The undersigned certifies that a true and accurate copy of this Summons
was served upon the above-name Defendant on the _____ day of _____ AUG 3 0 2023 ,
_____ by [X] U.S. certified mail [ ] U.S. regular mail [ ] _____.

*Amista Buxton*
Deputy

# PROBATE COURT OF LICKING COUNTY, OHIO
## JUDGE DEBORAH G. LANG



PATRICK CARPENTER
ADMINISTRATOR OF THE ESTATE OF DANIEL N. GRIMES
P.O. BOX 309
NEWARK, OHIO 43058

      PLAINTIFF

    VS.                                  CASE NO. 20230540-A

THELMA  GALLOWAY
(DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF THELMA GALLOWAY
CURRENT ADDRESS UNKNOWN



AND

THELMA KAY COBLE
(DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF THELMA COBLE
CURRENT ADDRESS UNKNOWN

AND

BRUCE ANDERSON
612 E MISSOURI ST
BUFFALO, MO 65622

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF BRUCE ANDERSON

CURRENT ADDRESS UNKNOWN

AND

LORI HALL
12155 WATERS EDGE CT
LOVELAND, OH 45140

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF LORI HALL
CURRENT ADDRESS UNKNOWN

AND

JAN E BROWNING
11814 NW 71ST TER
ALACHUA, FL 32615

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF JAN E. BROWNING
CURRENT ADDRESS UNKNOWN

AND

RICHARD BROWNING
CURRENT ADDRESS UNKNOWN

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF RICHARD BROWNING
CURRENT ADDRESS UNKNOWN

AND

DIANNE NEWELL
2405 A ST
EUREKA, CA 95501

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DIANNE NEWELL
CURRENT ADDRESS UNKNOWN

AND

ERIC BROWNING
1017 SKELTON RD
HOSCHTON, GA 30548

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF ERIC BROWNING
CURRENT ADDRESS UNKNOWN

AND

JAY GRIMES (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF JAY GRIMES
CURRENT ADDRESS UNKNOWN

AND

DALE GRIMES
7824 POPLAR FORKS ROAD
NEWARK, OHIO 43055

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DALE GRIMES
CURRENT ADDRESS UNKNOWN

AND

JAY GRIMES
9452 YORK RD SW
ETNA, OH 43062

3

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF JAY GRIMES
CURRENT ADDRESS UNKNOWN

AND

RITA CARPENTER
2065 HOPEWELL RD N
HOPEWELL, OH 43746

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF RITA CARPENTER
CURRENT ADDRESS UNKNOWN

AND

MARY LITTLEJOHN
137 EDITH DR
NEWARK, OHIO 43055

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF MARY LITTLEJOHN
CURRENT ADDRESS UNKNOWN

AND

MYRNA SIDLE
18285 CRAWMER RD SE
HEATH, OH 43056

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF MYRNA SIDLE
CURRENT ADDRESS UNKNOWN

AND

DORIS MILLER (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DORIS MILLER
CURRENT ADDRESS UNKNOWN

AND

CLARENCE GREEN
13205 W CARLISLE RD
FRAZEYSBURG, OH 43822

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF CLARENCE GREEN
CURRENT ADDRESS UNKNOWN

AND

ROGER GREEN (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF ROGER GREEN
CURRENT ADDRESS UNKNOWN

AND

NATHAN GREEN
CURRENT ADDRESS UNKNOWN

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF NATHAN GREEN
CURRENT ADDRESS UNKNOWN

AND

TYLER GREEN
CURRENT ADDRESS UNKNOWN

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF TYLER GREEN
CURRENT ADDRESS UNKNOWN

AND

TRAVIS GREEN
CURRENT ADDRESS UNKNOWN

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF TRAVIS GREEN
CURRENT ADDRESS UNKNOWN

AND

MARJORIE HOLTZ
(DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF MARJORIE HOLTZ
CURRENT ADDRESS UNKNOWN

AND

SHANNON BURNETT
5870 HEREFORD LN
NASHPORT, OH 43830

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF SHANNON BURNETT

AND

NEIL MILLER (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF NEIL MILLER
CURRENT ADDRESS UNKNOWN

AND

CAROL HANBY
10790 NEWARK RD APT 97
NASHPORT, OH 43830

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF CAROL HANBY
CURRENT ADDRESS UNKNOWN

AND

STEPHEN MILLER
72 JODY DR
DRESDEN, OH 43821

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF STEPHEN MILLER

AND

MARVIN MILLER
36 STEVY LN
FRAZEYSBURG, OH 43822

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF MARVIN MILLER

AND

GERTRUDE SHIRLEY SIDLE
(DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF GERTRUDE SHIRLEY SIDLE
CURRENT ADDRESS UNKNOWN


AND

DON GRIMES (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DON GRIMES
CURRENT ADDRESS UNKNOWN


AND

DENISE TAYLOR
26211 RIMWICK FOREST DR
MAGNOLIA, TX 77354

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DENISE TAYLOR
CURRENT ADDRESS UNKNOWN

AND

ANGELA GRIMES
2406 W HAVEN RD
LAWRENCEVILLE, IL 62439

AND


UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF ANGELA GRIMES
CURRENT ADDRESS UNKNOWN

AND

KATHIE EWING
3848 IRON ORE DR
DENISON, TX 75020

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF KATIE EWIG
CURRENT ADDRESS UNKNOWN

AND

LINDA COLLINS
107 FLOWER DR
ALBION, IL 62806

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF LINDA COLLINS
CURRENT ADDRESS UNKNOWN

AND

DON GRIMES
320 S 8TH ST
ALBION, IL 62806

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DON GRIMES
CURRENT ADDRESS UNKNOWN

AND

DAVID GRIMES
4112 RIDGEWOOD DR
CONWAY, SC 29526

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DAVID GRIMES
CURRENT ADDRESS UNKNOWN

AND

MARJORIE GRIMES
(DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF MARJORIE GRIMES
CURRENT ADDRESS UNKNOWN

AND

R. MATTHEW ERNST
547 FUN E FARM WAY
SPRUCE PINE, NC 28777

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF R. MATTHEW ERNST
CURRENT ADDRESS UNKNOWN

AND

LOREN GRIMES (DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF LOREN GRIMES
CURRENT ADDRESS UNKNOWN

AND

LOREN GRIMES, JR.
224 COUNTY ROAD 1103
DAINGERFIELD, TX 75638

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF LOREN GRIMES, JR.
CURRENT ADDRESS UNKNOWN

AND

JANE TARRANT
715 STATE ST
ELDORADO, IL 62930

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF JANE TARRANT
CURRENT ADDRESS UNKNOWN

AND

LUANN MANSFIELD
74 BRIERLY CT
SHEPHERDSTOWN, WV 25443

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF LUANN MANSFIELD
CURRENT ADDRESS UNKNOWN

AND

AMELIA WINIFRED JONES
(NOW DECEASED)

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF AMELIA WINIFRED
CURRENT ADDRESS UNKNOWN

AND

TIMOTHY C. STURM
308 SEBASTIAN DR
MYRTLE BEACH, SC 29588

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF TIMOTHY C. STRUM
CURRENT ADDRESS UNKNOWN

AND

DANIEL R. STURM
29 FRANKLIN AVENUE
NEWARK, OH 43055

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF DANIEL R. STRUM
CURRENT ADDRESS UNKNOWN

AND

KAREN S. LAL
8534 AMARILLO DRIVE
BLACKLICK, OH 43004

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF KAREN S. LAL
CURRENT ADDRESS UNKNOWN

AND

CONNIE L. CAMERON
1536 LEMAE AVENUE
NEWARK, OH 43055

AND

UNKNOWN HEIRS, SPOUSE, AND ESTATE
REPRESENTATIVES OF CONNIE L. CAMERON
CURRENT ADDRESS UNKNOWN



AND

SECRETARY OF HOUSING AND URBAN DEVELOPMENT
451 SEVENTH STREET, S.W
WASHINGTON, D.C., 20410

AND

ROY VAN ATTA
LICKING COUNTY TREASURER
20 SOUTH SECOND STREET
NEWARK, OHIO 43055

        Defendants

## COMPLAINT

1. Plaintiff, Patrick Carpenter ("Plaintiff"), in his fiduciary capacity, is the duly appointed, qualified and acting Administrator of the Estate of Daniel N. Grimes/AKA Daniel Neil Grimes/ ("Decedent"), having been appointed by this Court on August 15, 2023 in Case No. 20230540.

2. Decedent died September 6, 2019.

3. Decedent owned at his death on property known as 1815 Hallie Lane Road, Granville, Ohio 43023 (the "Property"), Licking County Parcel Number 071-327042-00.000. *See* Exhibit A for a legal description.

4. Decedent owned at his death a 2001 Chevrolet Tahoe (the "Vehicle").

5. The Vehicle is currently in an immobile state within the Property.

6. Due to the time between Decedent's death and the opening of his estate, it is very unlikely that the Ohio Bureau of Motor Vehicles will issue new registration to Plaintiff to legally move the Vehicle.

7. Given the low value of the Vehicle, it is in the best interest of the estate to sell the Vehicle and requests authority to sell the Vehicle with the Property as a package for no less than the appraised value of the Property if sold it private sale or 2/3 the appraised value of the Property if sold at public sale.

8. Pursuant to Ohio Revised Code Section 2127.02, it is necessary to commence this action to sell the Property as Plaintiff has determined that the personal property of the estate is insufficient to pay all the debts of Decedent and the costs of administering the estate.

9.   After a diligent search, following a genealogist search, certain beneficiaries could not be found and a sale is in the best interest of said beneficiaries.

10. Costs of administering the Decedent's estate are to be taken from sale proceeds of the sale of the Property pursuant to R.C. § 2127.04.

11. The appraised value of the Property, as shown on the inventory recently filed in administration of Decedent's estate administration, of the Property is $163,700.

12. All known heirs of Decedent, and those that are unknown, are named as defendants in this action.

13. Should the Property sell in this action via public sale or private sale for an amount in excess of fees, costs, expenses(including administrative expenses), and debt satisfaction, said proceeds are due to Decedent's estate for further administration.

14.  Defendant, Roy Van Atta, Treasurer of Licking County, Ohio has a lien for unpaid real estate taxes and real estate taxes not yet due but which are a lien on the premises.

15. Secretary of Housing and Urban Development may claim an interest in the Property by virtue of an alleged loan secured by a mortgage on the Property recorded at instrument 200505240015395, which was later assigned to Secretary of Housing and Urban Development under an assignment recorded at instrument number 201610260023652.

16. There are no other known persons or entities having any interest in the Property and there are no other adverse interests in the Property known to the Plaintiff.

17. Plaintiff believes the value of the Property is the value shown on the inventory previously filed with the court.

18. Plaintiff therefore asks the court to dispense with a new appraisement as authorized by Ohio Revised Code Section 2127.22.

19. It is in the best interests of the estate to sell the real estate at public auction or private sale.

20. Therefore, Plaintiff requests authority to sell the Property in a private sale, as requested in a future motion, for not less than the appraised value of $163,700.00 and that the sale shall be free of all claims, interest and liens of all parties to this action, alternately, Plaintiff may request an order of sale for the Property to be sold by a licensed auctioneer at a public sale for a value of not less than two-thirds appraised value of $163,700.00, said sale shall be free of all claims, interest and liens.

21.  Plaintiff also believes it may be necessary to employ real estate professionals in order to sell the property, if sold via private sale and will certainly require the assistance of an auctioneer if sold at public sale.

22. Plaintiff requests authority to pay from the proceeds of the sale the real estate salesperson's commission, alternately the fee paid by an auctioneer, the cost of title insurance, closing agent's fee, county auditor's conveyance fee, real estate taxes due and prorated to the closing date and other usual and customary expenses of sale, plus the Plaintiff's fiduciary commission related to the Property, attorney fees for this action, an appraisal fee (if an additional is required), costs of administration as this sale is necessary pursuant to R.C. § 2127.04 and costs and other expenses of this action/sale.

23. All defendants that do not set up their interests forfeit said interest and are forever barred from asserting related claims.

24. A title commitment is attached as Exhibit B.

Wherefore, Plaintiff prays that he be authorized to sell the Property and the Vehicle at private sale for not less than the appraised value of $163,700; and that the sale shall be free of all claims, interest and liens of all parties to this action; that he be authorized to employ a real estate broker and salesperson to assist in the sale and to pay the salesperson the real estate commission that is customary in Licking County, Ohio; a confirmation of sale extinguishing liens on the Property and determining distribution of sale proceeds, including an equity determination among the parties with an order of distribution of proceeds consistent with Ohio law;  alternately Plaintiff requests an order of sale to be issued for an auctioneer to sell the Property and Vehicle at public sale for not less than two-thirds appraised value of $163,700, followed by a confirmation of sale extinguishing liens on the Property and determining distribution of sale proceeds pursuant to Ohio law, including an equity determination among the parties subsequent to deduction for fiduciary commission, attorney fees, costs of administration, and costs of the sale; and for such other relief as the Court may consider Plaintiff to be entitled.

Patrick S. Carpenter (0093937)
SCHALLER, CAMPBELL & UNTIED
P.O. Box 309
32 North Park Place
Newark, OH  43058
(740) 349-8505
pcarpenter@scu-law.com
Administrator and Attorney for the Estate
of Daniel N. Grimes

## Exhibit A

The following Real Property situated in the State of Ohio, County of Licking, and in the Township of Union:

Being in the First Township in the 13th Range of the U.S.M. Lands and more particularly bounded and described as follows: Beginning at a point in the centerline intersection of County Road 137 and County Road 133; thence Easterly, along the centerline of said County Road 133, a distance of 717.00 feet to a point and the true point of beginning for the following described parcel of land; thence North 15 deg. 15' 22" West 93.00 feet to an iron pin; thence North 6 deg. 51' 06" East 396.88 feet to an iron pin; thence South 83 deg. 08' 54" East 274.43 feet to an iron pin; thence South 25 deg. 05' 16" West 163.68 feet to an existing iron pin; thence, along a curve to the left said curve being referenced by a long chord, South 2 deg. 51' 45" West 72.03 feet to an iron pin; thence South 20 deg. 26' East 121.10 feet to an existing iron pin; thence, along a curve to the right said curve being referenced by a long chord, South 5 deg. 28' East 31.55 feet to an existing iron pin; thence South 9 deg. 46' 08" West, passing a corner post at 97.19 feet, a total distance of 116.90 feet to a point; thence North 83 deg. 17' 39" West, along the centerline of said County Road 133, a distance of 250.00 feet to the true point of beginning; containing 2.83 acres, more or less.

Address: 1815 Hallie Lane Road, Granville, Ohio 43023
Parcel: 071-327042-00.000
Prior Instrument: Deed Book 666, Page 694

EXHIBIT B

# ALTA Commitment for Title Insurance



Issued By Old Republic National Title Insurance Company

## NOTICE

**IMPORTANT—READ CAREFULLY:** THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE POLICIES. ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.

THIS COMMITMENT IS NOT AN ABSTRACT OF TITLE, REPORT OF THE CONDITION OF TITLE, LEGAL OPINION, OPINION OF TITLE, OR OTHER REPRESENTATION OF THE STATUS OF TITLE. THE PROCEDURES USED BY THE COMPANY TO DETERMINE INSURABILITY OF THE TITLE, INCLUDING ANY SEARCH AND EXAMINATION, ARE PROPRIETARY TO THE COMPANY, WERE PERFORMED SOLELY FOR THE BENEFIT OF THE COMPANY, AND CREATE NO EXTRA CONTRACTUAL LIABILITY TO ANY PERSON, INCLUDING A PROPOSED INSURED.

THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT. THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF THIS COMMITMENT TO ANY OTHER PERSON.

### COMMITMENT TO ISSUE POLICY

Subject to the Notice, Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, Old Republic National Title Insurance Company, a Florida Corporation (the "Company"), commits to issue the Policy according to the terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown in Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Policy Amount and the name of the Proposed Insured.

If all of the Schedule B, Part I—Requirements have not been met within 6 months after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

AMBASSADOR TITLE AGENCY

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
*A Stock Company*
*400 Second Avenue South, Minneapolis, Minnesota 55401*
*(612) 371-1111*

By _C Monroe_ President

Attest _David Wold_ Secretary

ORT Form 4690 8-1-16
ALTA Commitment for Title Insurance

(21095.PFD/21095/6)

## COMMITMENT CONDITIONS

1. **DEFINITIONS**
   (a) "Knowledge" or "Known": Actual or imputed knowledge, but not constructive notice imparted by the Public Records.
   (b) "Land": The land described in Schedule A and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is to be insured by the Policy.
   (c) "Mortgage": A mortgage, deed of trust, or other security instrument, including one evidenced by electronic means authorized by law.
   (d) "Policy": Each contract of title insurance, in a form adopted by the American Land Title Association, issued or to be issued by the Company pursuant to this Commitment.
   (e) "Proposed Insured": Each person identified in Schedule A as the Proposed Insured of each Policy to be issued pursuant to this Commitment.
   (f) "Proposed Policy Amount": Each dollar amount specified in Schedule A as the Proposed Policy Amount of each Policy to be issued pursuant to this Commitment.
   (g) "Public Records": Records established under state statutes at the Commitment Date for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge.
   (h) "Title": The estate or interest described in Schedule A.

2. If all of the Schedule B, Part I—Requirements have not been met within the time period specified in the Commitment to Issue Policy, this Commitment terminates and the Company's liability and obligation end.

3. The Company's liability and obligation is limited by and this Commitment is not valid without:
   (a) the Notice;
   (b) the Commitment to Issue Policy;
   (c) the Commitment Conditions;
   (d) Schedule A;
   (e) Schedule B, Part I—Requirements;
   (f) Schedule B, Part II—Exceptions; and
   (g) a counter-signature by the Company or its issuing agent that may be in electronic form.

4. **COMPANY'S RIGHT TO AMEND**
   The Company may amend this Commitment at any time. If the Company amends this Commitment to add a defect, lien, encumbrance, adverse claim, or other matter recorded in the Public Records prior to the Commitment Date, any liability of the Company is limited by Commitment Condition 5. The Company shall not be liable for any other amendment to this Commitment.

5. **LIMITATIONS OF LIABILITY**
   (a) The Company's liability under Commitment Condition 4 is limited to the Proposed Insured's actual expense incurred in the interval between the Company's delivery to the Proposed Insured of the Commitment and the delivery of the amended Commitment, resulting from the Proposed Insured's good faith reliance to:
      (i) comply with the Schedule B, Part I—Requirements;
      (ii) eliminate, with the Company's written consent, any Schedule B, Part II—Exceptions; or
      (iii) acquire the Title or create the Mortgage covered by this Commitment.
   (b) The Company shall not be liable under Commitment Condition 5(a) if the Proposed Insured requested the amendment or had Knowledge of the matter and did not notify the Company about it in writing.
   (c) The Company will only have liability under Commitment Condition 4 if the Proposed Insured would not have incurred the expense had the Commitment included the added matter when the Commitment was first delivered to the Proposed Insured.
   (d) The Company's liability shall not exceed the lesser of the Proposed Insured's actual expense incurred in good faith and described in Commitment Conditions 5(a)(i) through 5(a)(iii) or the Proposed Policy Amount.
   (e) The Company shall not be liable for the content of the Transaction Identification Data, if any.
   (f) In no event shall the Company be obligated to issue the Policy referred to in this Commitment unless all of the Schedule B, Part I—Requirements have been met to the satisfaction of the Company.
   (g) In any event, the Company's liability is limited by the terms and provisions of the Policy.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

ORT Form 4690 8-1-16
ALTA Commitment for Title Insurance

(21139.PFD/21139/2)

6.   **LIABILITY OF THE COMPANY MUST BE BASED ON THIS COMMITMENT**
   (a)   Only a Proposed Insured identified in Schedule A, and no other person, may make a claim under this Commitment.
   (b)   Any claim must be based in contract and must be restricted solely to the terms and provisions of this Commitment.
   (c)   Until the Policy is issued, this Commitment, as last revised, is the exclusive and entire agreement between the parties with respect to the subject matter of this Commitment and supersedes all prior commitment negotiations, representations, and proposals of any kind, whether written or oral, express or implied, relating to the subject matter of this Commitment.
   (d)   The deletion or modification of any Schedule B, Part II—Exception does not constitute an agreement or obligation to provide coverage beyond the terms and provisions of this Commitment or the Policy.
   (e)   Any amendment or endorsement to this Commitment must be in writing and authenticated by a person authorized by the Company.
   (f)   When the Policy is issued, all liability and obligation under this Commitment will end and the Company's only liability will be under the Policy.

7.   **IF THIS COMMITMENT HAS BEEN ISSUED BY AN ISSUING AGENT**
   The issuing agent is the Company's agent only for the limited purpose of issuing title insurance commitments and policies. The issuing agent is not the Company's agent for the purpose of providing closing or settlement services.

8.   **PRO-FORMA POLICY**
   The Company may provide, at the request of a Proposed Insured, a pro-forma policy illustrating the coverage that the Company may provide. A pro-forma policy neither reflects the status of Title at the time that the pro-forma policy is delivered to a Proposed Insured, nor is it a commitment to insure.

9.   **ARBITRATION**
   The Policy contains an arbitration clause. All arbitrable matters when the Proposed Policy Amount is $2,000,000 or less shall be arbitrated at the option of either the Company or the Proposed Insured as the exclusive remedy of the parties. A Proposed Insured may review a copy of the arbitration rules at http://www.alta.org/arbitration

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions*

ORT Form 4690 8 1 16
ALTA Commitment for Title Insurance

## Schedule A
ALTA Commitment

Commitment No.: 21139

1.   Commitment Date:   August 17, 2023 at 07:00 AM

2.   Policy to be issued:

    (a)   ALTA Own. Policy (06/17/06)
        Proposed Insured:    Successful Purchaser at Land Sale Proceeding
        Proposed Policy Amount:   $ 163,700.00

3.   The estate or interest in the Land described or referred to in this Commitment is Fee Simple.

4.   The Title is, at the Commitment Date, vested in:

The Title is, at the Commitment Date, vested in:

Daniel N. Grimes (deceased), who took title via a General Warranty Deed recorded November 16, 1970 in Deed Volume 666, page 694, Recorder's Office, Licking County, Ohio.

5.   The Land is described as follows:

The following Real Property situated in the State of Ohio, County of Licking, and in the Township of Union:

Being in the First Township in the 13th Range of the U.S.M. Lands and more particularly bounded and described as follows: Beginning at a point in the centerline intersection of County Road 137 and County Road 133; thence Easterly, along the centerline of said County Road 133, a distance of 717.00 feet to a point and the true point of beginning for the following described parcel of land; thence North 15 deg. 15' 22" West 93.00 feet to an iron pin; thence North 6 deg. 51' 06" East 396.88 feet to an iron pin; thence South 83 deg. 08' 54" East 274.43 feet to an iron pin; thence South 25 deg. 05' 16" West 163.68 feet to an existing iron pin; thence, along a curve to the left said curve being referenced by a long chord, South 2 deg. 51' 45" West 72.03 feet to an iron pin; thence South 20 deg. 26' East 121.10 feet to an existing iron pin; thence, along a curve to the right said curve being referenced by a long chord, South 5 deg. 28' East 31.55 feet to an existing iron pin; thence South 9 deg. 46' 08" West, passing a corner post at 97.19 feet, a total distance of 116.90 feet to a point; thence North 83 deg. 17' 39" West, along the centerline of said County Road 133, a distance of 250.00 feet to the true point of beginning; containing 2.83 acres, more or less.

Subject to all valid and existing easements of record.

This description is based upon a survey made by Alvin R. Jobes, Ohio Registered Surveyor No. 5006, on or about October 23, 1970.

Subject to all legal highways, easements, covenants, restrictions and rights-of-way of record, if any.

The property address and tax parcel identification number listed below are provided solely for information purposes, without warranty as to accuracy or completeness and are not hereby insured:

Parcel Number: 071-327042-00.000
Commonly Known As: 1815 Hallie Lane Rd, Granville, OH 43023

---

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions*

ORT Form 4720 A   08-01-2016
Schedule A
ALTA Commitment for Title Insurance
Old Republic National Title Insurance Company

## Schedule B-I
### ALTA Commitment

Commitment No.: 21139

## Requirements

All of the following Requirements must be met:

1. The Proposed Insured must notify the Company in writing of the name of any party not referred to in this Commitment who will obtain an interest in the Land or who will make a loan on the Land. The Company may then make additional Requirements or Exceptions.

2. Pay the agreed amount for the estate or interest to be insured.

3. Pay the premiums, fees, and charges for the Policy to the Company.

4. Documents satisfactory to the Company that convey the Title or create the Mortgage to be insured, or both, must be properly authorized, executed, delivered, and recorded in the Public Records.

    a. Fiduciary Deed from The Estate of Daniel N. Grimes to Successful Purchaser at Land Sale Proceeding

5. Payment of the full consideration to, or for the account of, the grantors or mortgagors herein.

6. Payment of all taxes, charges, assessments, levied and assessed against subject premises,

7. Satisfactory evidence should be had that improvement and/or repairs or alterations thereto are completed; that contractor, subcontractors, labor or materialmen are all paid.

8. Owners/Sellers Affidavit concerning matters of title in a form acceptable to the Company.

9. Survey Satisfactory to the Company be provided, if survey exceptions are to be deleted

10. The Company may make other requirements or exceptions upon its review of the proposed documents creating the estate or interest to be insured or otherwise ascertaining details of the transaction.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions.*

ORT Form 4690 B I 08-01-2016
Schedule B I
ALTA Commitment for Title Insurance

(21139.PFD/21139/4)

## Schedule B-II
ALTA Commitment

Commitment No.: 21139

### Exceptions

THIS COMMITMENT DOES NOT REPUBLISH ANY COVENANT, CONDITION, RESTRICTION, OR LIMITATION CONTAINED IN ANY DOCUMENT REFERRED TO IN THIS COMMITMENT TO THE EXTENT THAT THE SPECIFIC COVENANT, CONDITION, RESTRICTION, OR LIMITATION VIOLATES STATE OR FEDERAL LAW BASED ON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, GENDER IDENTITY, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN.

The Policy will not insure against loss or damage resulting from the terms and provisions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1. Any defect, lien, encumbrance, adverse claim, or other matter that appears for the first time in the Public Records or is created, attaches, or is disclosed between the Commitment Date and the date on which all of the Schedule B, Part I—Requirements are met.

2. Any facts, rights, interests, or claims that are not shown in the public records but that could be ascertained by an inspection of the land or by making inquiry of persons in possession of the land.

3. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title including discrepancies, conflicts in boundary lines, shortage in area, or any other facts that would be disclosed by an accurate and complete land survey of the land, and that are not shown in the public records.

4. Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown in the public records.

5. Rights of parties in possession of all or any part of the premises, including, but not limited to, easements, claims of easements or encumbrances that are not shown in the public records.

6. The lien of real estate taxes or assessments imposed on the title by a governmental authority that are not shown as existing liens in the records of any taxing authority that levies taxes or assessments on real property or in the public records.

7. Subject to any oil and/or gas lease, pipeline agreement, or other instrument related to the production or sale of oil or natural gas which may arise subsequent to the Date of the Policy.

8. Oil, gas, coal and other mineral interests together with rights appurtenant thereto whether created by deed, lease, grant, reservation, severance, sufferance or exception.

9. Taxes and assessments for the year 2023 which are not yet due and payable and subsequent installments.

   Taxes for the year 2022 are $1,497.56 per half. First Half 2022 collections due February 2023 are PAID. Second Half 2022 collections due July 2023 and are PAID. Taxes for the year 2023 are undetermined, unpaid, and a lien.

   Muskingum Watershed Assessments for the year 2022 are $3.00 per half. 1st half 2022 collections due February 2023 are PAID. Second half 2022 collections due July 2023 are PAID. Muskingum Watershed Assessments for the year 2023 are undetermined, unpaid, and a lien.

   Parcel No. 071-327042-00.000
   Taxable Valuations: LAND:       BUILDING:       TOTAL:

10. Mortgage from Daniel N. Grimes (no marital status listed), to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B., dated 05/19/2005, filed for record 05/24/2005 at 11:02 a.m., to secure the sum of $217,500.00, and recorded as Instrument #200505240015395, Recorder's Office, Licking County, Ohio. Said mortgage was last assigned to the Secretary of Housing and Urban Development Washington D.C. as Instrument #201610260023652, Recorder's Office, Licking County, Ohio.

11. Mortgage from Daniel N. Grimes (no marital status listed), to the Secretary of Housing and Urban Development, dated

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions.*

## Schedule B-II
(Continued)

Commitment No.: 21139

05/19/2005, filed for record 05/24/2005 at 11:02 a.m., to secure the sum of $217,500.00, and recorded as Instrument #200505240015396, Recorder's Office, Licking County, Ohio.

12. Taxes, Claims, and/or allowances arising out of the Estate of Daniel N. Grimes, filed under Licking County Probate Court Case Number 2023-0540. Patrick S. Carpenter has been appointed Administrator.

13. Anything to the contrary notwithstanding, the within policy does not insure the quantity of land set forth in the legal description recited in Schedule A.

14. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land.

15. END OF EXCEPTIONS/SCHEDULE B, PART II.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A, Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions.*