UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patrick Carpenter, Administrator
of the Estate of Daniel N. Grimes,

    Plaintiff,

v.

Secretary of Housing and Urban
Development, *et al.*,

    Defendants.

Case No. 2:23-cv-3885

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

The Secretary of Housing and Urban Development (the "Secretary") moves to dismiss Patrick Carpenter's, Administrator of the Estate of Daniel N. Grimes's ("Plaintiff") Complaint. ECF No. 4. For the following reasons, the motion is **GRANTED**.

### I.     FACTS

Daniel N. Grimes passed away in September 2019. Compl., ECF No. 3, PAGEID # 67. At the time of his death, Mr. Grimes owned real property located in Licking County, Ohio, at 1815 Hallie Lane Road, Granville, Ohio 43023 (the "Property"). *Id.* HUD holds the primary mortgage on the Property, a home equity conversion mortgage (also known as a reverse mortgage), by way of assignment. *See* Resp. 1–2, ECF No. 7.

In 2019, HUD sent a condolence letter to Grimes' estate ("Estate"), setting forth the balance due on the mortgage and the Estate's options for satisfying the same. HUD's Notice 1–2, ECF No. 13. When no response was received, HUD later issued a notice of intent to foreclose, pursuant to 24 C.F.R § 206.125(a)(2). *Id.* at 2. Again, HUD received no response. *Id.*

In 2021, after a delay due to the COVID-19 foreclosure moratorium, HUD referred the case to the foreclosure commissioner to proceed with foreclosure. *See id.*; *see also* Plaintiff's Notice 3, ECF No. 16 ("The Referral was subsequently recorded in the Office of the Licking County Recorder on November 15, 2022[.]").

In July 2023, Plaintiff opened an estate administration case for Grimes in the Licking County Probate Court, and Plaintiff was appointed as the administrator of the estate. Compl., ECF No. 3, PAGEID # 67. Plaintiff then brought this land sale action, seeking to sell the Property under Ohio Revised Code § 2127.02, free and clear of all liens (the "Land Sale Action"). *Id.* PAGEID # 67–68. Plaintiff also requested permission to pay the costs of administering the sale, his fiduciary commission, and attorney's fees, all from the proceeds of the sale. *Id.* PAGEID # 69.

The Secretary removed the Land Sale Action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. *See* Notice of Removal, ECF No. 1, PAGEID # 2–3. The Secretary represents that HUD has initiated a nonjudicial foreclosure. *See id.* PAGEID # 2 ("HUD has initiated foreclosure proceedings.");

HUD's Notice 2, ECF No. 13 ("HUD recently issued the Notice of Default and Foreclosure Sale Legal Notice[.]").[1] The Secretary now moves to dismiss the claims against HUD on the grounds of sovereign immunity and because the Single Family Mortgage Foreclosure Act preempts state probate law.

For the reasons explained below, the Court finds HUD has not waived sovereign immunity, and, therefore, the Court cannot address preemption.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017) (citation omitted). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "is a challenge to the sufficiency of the pleading itself," and the trial court therefore takes the allegations of the complaint as true. *Id.* (citation omitted). To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotation marks and citations omitted).

---

[1] The nonjudicial forclosure of the mortgage is "commence[d]" when the foreclosure commissioner serves "a notice of default and foreclosure sale in accordance with sections 3757 and 3758 of this title." 12 U.S.C. § 3756. The Court notes that the Secretary has not stated the day on which the foreclosure commissioner served the notice of default and foreclosure sale. The Court presumes that the nonjudicial foreclosure commenced after Plaintiff brought the Land Sale Action.

A factual attack is a "challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. No "presumptive truthfulness applies to the factual allegations[.]" *Id.* (citation omitted). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (internal quotation marks and citation omitted).

HUD does not specify whether it brings a facial or a factual attack on the Court's subject matter jurisdiction. *See generally*, Mot., ECF No. 4. Here, the Court need not consider any evidence offered by the parties beyond the Complaint to dispose of the Motion to Dismiss. Accordingly, the Court treats this as a facial attack.

### III.   ANALYSIS

The Secretary moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because sovereign immunity bars Plaintiff's suit. Mot., ECF No. 4.

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). The United States includes federal agencies. *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192

(1996) (cleaned up). Courts generally construe a waiver of sovereign immunity narrowly. *See Hunter v. United States*, 769 F. App'x 329, 331 (6th Cir. 2019). The burden is on Plaintiff to show sovereign immunity has been waived. *Id.*

Relevant here, 28 U.S.C. § 2410(a) provides a limited statutory waiver as follows:

> [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

(the "Statute"). Thus, if Plaintiff shows this action falls within the scope of the Statute, then sovereign immunity is waived, and the Court has subject matter jurisdiction over this suit.

As an initial matter, Plaintiff argues that § 2410 does not require the suit be one of the five types listed in subsections (a)(1)–(5). *See* Resp. 7–8, ECF No. 7. Plaintiff instead argues § 2410 encompasses *any* action involving real property in which the United States holds an interest, so long as the court in which the action is commenced has jurisdiction over the enumerated types of cases. *Id.*

Plaintiff's argument is unavailing. The Statute requires that the civil action or suit for which waiver is claimed must be one of the types listed in subsections (a)(1)–(5). *See, e.g., Pollack v. United States*, 819 F.2d 144, 145–46 (6th Cir. 1987) (analyzing whether the action could be characterized as "a suit to quite title *so as to fall within the limited waiver* of sovereign immunity provided by 28 U.S.C. § 2410" (emphasis added)). Not only has the Sixth Circuit Court of Appeals implicitly so held, but also the principles of statutory interpretation demand that result. Plaintiff's reading would impermissibly broaden the scope of the waiver. *See Hunter*, 769 F. App'x at 332 (declining to adopt Hunter's broader interpretation of § 2410 because "courts should interpret Congress's waiver of sovereign immunity narrowly"). Therefore, in order for the Statute to apply and waive sovereign immunity, the Land Sale Action must be one of the listed types.

Accordingly, the Court must next decide whether the Land Sale Action falls into one of the five categories. Plaintiff argues that this is a suit "to quiet title."[2] *See* Plaintiff's Notice 13–14, ECF No. 16. Therefore, the Court must decide whether this is a suit "to quiet title" within the meaning of the Statute.

The Sixth Circuit has yet to take a position on the meaning of "quiet title" in § 2410, but it has laid out two possible interpretations. *Hunter v. United States*, 769 F. App'x 329, 331 (6th Cir. 2019). "Some courts have read the words 'quiet

---

[2] Because it is Plaintiff's burden to show waiver, and Plaintiff has not argued this is a "to foreclose a mortgage or other lien upon," "to partition," "to condemn, or" "of interpleader or in the nature of interpleader[,]" the Court will not address whether this is a suit under § 2410(a)(2)–(5). *See generally* Resp., ECF No. 7; Plaintiff's Notice, ECF No. 16.

title' narrowly" such that "Congress waived immunity only over disputes about" who holds title to property. *Id.* (citing cases). "[O]ther courts have interpreted Congress's waiver more broadly, saying that quiet title actions can also seek to remove a *cloud* over already established title." *Id.* (cleaned up; emphasis in original); *see also Nationstar Mortg., LLC v. Humphrey*, No. 11-2185-STA, 2011 WL 3273077, at *4 (W.D. Tenn. July 29, 2011) (finding § 2410(a)(1) waives sovereign immunity with respect to "claims to adjudicate lien priority" (citing cases)).

Here, the Land Sale Action is not a suit "to quiet title" under either interpretation. Under the narrow interpretation, Plaintiff does not bring a quiet title action because the Complaint does not raise any dispute over title to the property. The primary relief Plaintiff seeks out of the Land Sale Action is the authority to sell the property. *See generally* Compl., ECF No. 3; Resp. 9, ECF No. 7 ("The entire focus of the Land Sale Action is to sell the [Property] and utilize the sale proceeds to pay off creditors."). Plaintiff also seeks an order confirming the sale, extinguishing all liens (so that the sale may be made free and clear), and determining distribution of the sale proceeds in accordance with Ohio law. These requests do not require the Court to resolve a dispute over who holds title, and the Land Sale Action is therefore not a quiet title action under the narrow interpretation.

Even under the broader interpretation, the Land Sale Action is not a suit to quiet title. First, it is not a suit to challenge the procedural regularity of HUD's

lien. *See Pollack*, 819 F.2d at 145 (holding that suits to challenge the procedural regularity of the Government's lien are actions to quiet title under § 2410). Indeed, Plaintiff provides no basis for challenging the existence, validity, or amount of HUD's mortgage. *See generally* Compl., ECF No. 3. Second, it is not a suit to determine lien priority, as Plaintiff likewise provides no basis to dispute HUD's lien priority. *Id.* Instead, Plaintiff seeks to extinguish HUD's mortgage, selling the property free and clear, *and then* determine lien priority for purposes of distributing the sale proceeds. The Statute does not provide for waiver of sovereign immunity in a suit to sell property free and clear of the government's lien. *See Estate of Green*, No. 20 C 6608, 2021 WL 185081, at *2 (N.D. Ill. Jan. 19, 2021) ("There is no provision in Section 2410 that indicates that a party can first sell a property free and clear of a government lien, and then quiet title to the proceeds." (cleaned up)). Accordingly, the Land Sale Action is not a suit "to quiet title" under the Statute.

Plaintiff counters that if the Statute does not waive sovereign immunity with respect to the Land Sale Action, then in circumstances in which HUD took no foreclosure action and refused to consent to sale, an administrator of an insolvent estate would have no way of disposing of the property and paying the estate debts. *See* Plaintiff's Notice 14–15. Plaintiff argues that is precisely the type of situation § 2410 was intended to remedy when Congress added the words "quiet title" to the Statute. *Id.*

But an administrator in such circumstances would have other options. For example, an adminstrator could seek to sell the property subject to HUD's lien. See *Pennant Mgmt., Inc. v. First Farmers Fin., LLC*, No. 14-CV-7581, 2015 WL 4511337, at *3 (N.D. Ill. July 24, 2015); *see also* Mot. 8, ECF No. 4. Alternatively, an administrator could seek to sell the property in accordance with the requirements laid out in the Code of Federal Regulations § 206.125(c) for selling the property when a home equity conversion mortgage is due and payable. *See* HUD's Notice 3, ECF No. 15. Accordingly, Plaintiff's argument is unpersuasive.

Plaintiff points to no other statute waiving sovereign immunity in an action brought by an administrator to sell the property free and clear of all liens, nor is the Court independently aware of any. Accordingly, because Plaintiff has not met his burden of demonstrating waiver of sovereign immunity, the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

The Secretary's motion is **GRANTED** and the claims against the Secretary are **DISMISSED WITHOUT PREJUDICE**. The case is **REMANDED** to the Licking County Probate Court.

**IT IS SO ORDERED.**

*[Signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**